1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DEBRA JENE PATEL-JULSON,     )
                            )
        Plaintiff,     )     Case No.  2:12-cv-01023-MMD-CWH
                            )
vs.                        )     <u>**ORDER**</u>
                            )
PAUL SMITH, LTD.,         )
                            )
        Defendant.     )
_____)

      This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on June 15, 2011.

**BACKGROUND**

      It appears that Plaintiff is attempting to allege that Defendant discriminated against her based on her gender and her race during the course of her employment.

**DISCUSSION**

**I.**     **Application to Proceed In Forma Pauperis**

      Plaintiff has attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that she is unable to pre-pay the filing fee.  As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.**     **Screening the Complaint**

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is

immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

### A. Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that

power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, it appears Plaintiff is attempting to state a claim for discrimination under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq. Thus, there is federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." According to Plaintiff's complaint she is a citizen of Nevada. Plaintiff has not alleged the citizenship of the party whom she seeks to sue. Therefore, the Court finds that Plaintiff has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### C. Complaint

Because Plaintiff's alleged claim falls under Title VII, the Court now screens the complaint. Title VII allows individuals to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted both state and EEOC administrative procedures. Once a plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id.* If the EEOC or Attorney General decides not to sue and if there is no

settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right-to-sue letter, plaintiff may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).  Here, Plaintiff has attached a right-to-sue letter from the EEOC and filed this action within 90 days of its receipt.  Thus, it appears Plaintiff has exhausted her administrative remedies.  Unfortunately, Plaintiff has not alleged any facts or provided supporting details in her complaint and, therefore, the complaint must be dismissed.

### 1. Gender Discrimination

It appears Plaintiff seeks to allege gender and race discrimination.  In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) she belonged to a protected class; (b) she was qualified for the position; (c) she was subject to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)).  Plaintiff may also provide direct evidence of the discrimination.  *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003).  Here, Plaintiff has not identified any facts to support her claim.  She simply alleges that she was treated different from other while working for Defendant.  While Plaintiff is not required to allege specific facts supporting each element of the *prima facie* case, she must include facts that indicate a plausible claim for gender discrimination.  *See Twombly*, 550 U.S. at 545.

### 2. Race Discrimination

Plaintiff's race discrimination claim also fails because Plaintiff has not provided any supporting factual information in her complaint.  Before the Court can properly screen this complaint, Plaintiff must provide a short and plain statement of the claim showing that she is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Twombley*, 550 U.S. at 555.  The complaint must move beyond "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," it must provide sufficient factual detail to show a plausible claim.  The vague allegations and

lack of supporting details are insufficient for the Court's evaluation of the merits of Plaintiff's discrimination claim and the claim will be dismissed.  Nevertheless, Plaintiff will be given leave to amend her complaint in accordance with the above discussion, if she is able to do so.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have **thirty (30)** days from the date that this Order is entered to file her Amended Complaint, if she believes she can correct the noted deficiencies.   Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 3rd day of October, 2012.

C.W. Hoffman, Jr.
United States Magistrate Judge

5