1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DEBRA JENE PATEL-JULSON,              )
                                                              )
                    Plaintiff,              )        Case No.  2:12-cv-01023-MMD-CWH
                                                              )
vs.                                                        )        **ORDER**
                                                              )
PAUL SMITH, *et al.*,                      )
                                                              )
                    Defendants.          )
_____)

          This matter is before the Court on Plaintiff's Amended Complaint (#5), filed on October

29, 2012.  On June 15, 2012, Plaintiff filed an Application to Proceed *in Forma Pauperis* (#1).

On October 3, 2012, the Court granted Plaintiff's Application to Proceed *in Forma Pauperis* (#1)

and ordered the Clerk of the Court to file Plaintiff's Complaint.  In addition, the Court ordered

that the Complaint be dismissed without prejudice and granted Plaintiff thirty (30) days to file an

amended complaint correcting the noted deficiencies.  The Court will now screen Plaintiff's

Amended Complaint.

**DISCUSSION**

**I.      Screening the Amended Complaint**

          Upon granting a request to proceed *in forma pauperis*, a court must additionally screen

the complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the

action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915(e)(2).  Allegations of a *pro se* complaint are held to less stringent standards than formal

pleading drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium).  When a

court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the

complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

Additionally, the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case.  Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

**A.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  According to Plaintiff's complaint she is a citizen of Nevada.  Plaintiff has not alleged sufficient facts to determine the citizenship

1   of the parties she seeks to sue and whether complete diversity exists.  Therefore, the Court finds

2   that Plaintiff has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3          **B.       Federal Question Jurisdiction**

4          As a general matter, federal courts are courts of limited jurisdiction and possess only that

5   power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).

6   Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil

7   actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises

8   under' federal law either where federal law creates the cause of action or 'where the vindication

9   of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican*

10  *Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

11  *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of

12  federal-question jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc.*

13  *v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal

14  jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

15  pleaded complaint." *Id.*  Here, it appears Plaintiff is attempting to state a claim for discrimination

16  under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq.  A claim under this statute

17  invokes the Court's is federal-question jurisdiction pursuant to 28 U.S.C. § 1331.  The Court will

18  now determine whether Plaintiff has provided sufficient information to state a claim upon which

19  relief can be granted.

20         **C.       Title VII Claim**

21         Title VII allows individuals to sue an employer for discrimination on the basis of race,

22  color, religion, gender or national origin if she has exhausted both state and EEOC administrative

23  procedures.  Once a plaintiff files charges with the EEOC, it will investigate the charges, attempt

24  to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the

25  Attorney General if the charges are against a state or local governmental entity.  *Id.*  If the EEOC

26  or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff,

27  the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted her remedies

28  with the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right-to-sue letter, plaintiff

may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Plaintiff received a right to sue letter on April 18, 2012 and filed her and filed this action within 90 days of its receipt. Thus, it appears as though Plaintiff has exhausted her administrative remedies.

In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish the following: (a) she belonged to a protected class; (b) she was qualified for the position; (c) she was subject to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)). Plaintiff may also provide direct evidence of the discrimination. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). Plaintiff is an African-American female who alleges that she was paid less wages and terminated due to her race and gender. For the gender discrimination claim, Plaintiff alleges that she was paid two dollars an hour less than another male employee, Craig, who had less experience and worked with less luxurious brands. She also highlights the fact that she received awards for her performance and attached a recommendation letter and excellent interview performance rating letter. *See* Amended Complaint #5, 18-19. Taking these allegations as true, Plaintiff has stated sufficient facts to state a gender discrimination claim under Title VII.

Additionally, Plaintiff states that she was treated differently because of her race. She alleges that she had to listen to rap music with the word "nigger" in it while she was in the stock room. Plaintiff also indicates that her supervisor disciplined her for a comment that a customer made describing her as a "black lady . . . [who] was laughing loudly." She further alleges that she did not receive her clothing allowance nor was she allowed to participate in the 401K plan in contrast to other employees. Taking these allegations as true, Plaintiff has stated sufficient facts to state a race discrimination claim under Title VII.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file the Amended Complaint (#5) and shall issue Summons to Defendants and deliver the same to the U.S. Marshal

4

for service.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant was served.  If Plaintiff wishes to have service again attempted on an unserved Defendant, a motion must be filed with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

**IT IS FURTHER ORDERED** that, from this point forward, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include, with the original papers submitted for filing, a certificate stating that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED this 3rd day of December, 2012.


_____
C.W. Hoffman, Jr.
United States Magistrate Judge

5