# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEBRA JENE PATEL-JULSON,

        Plaintiff,

vs.

PAUL SMITH LAS VEGAS, INC., *et al*.,

        Defendants.

Case No. 2:12-cv-01023-MMD-CWH

**ORDER**

This matter is before the Court on Defendant Paul Smith Las Vegas, Inc.'s Motion to Quash and to Dismiss for Insufficient Process and Insufficient Service of Process (#10), filed February 1, 2013; Plaintiff's Response (#14), filed February 11, 2013; and Defendant's Reply (#15), filed February 28, 2013.

## BACKGROUND

Plaintiff initiated this action on June 15, 2012 by filing a motion to proceed *in forma pauperis* and an approximately 200-page complaint. Plaintiff's request to proceed *in forma pauperis* was granted, but the complaint was dismissed without prejudice for failure to adequately allege Title VII claims for either gender discrimination or race discrimination. *See* Order (#2). Plaintiff was granted the opportunity to file an amended complaint to cure the deficiencies identified in the screening order. *Id*. Plaintiff filed her amended complaint on December 3, 2012 (Dkt. (#5)), stating sufficient facts to allege a claim for racial discrimination under Title VII. *See* Order (#6). Plaintiff was given twenty days to furnish the United States Marshal with Form USM-285 for purposes of service.[1] Plaintiff was advised that service had to be accomplished within 120 days pursuant to Fed. R. Civ. P. 4(m). *Id*.

---

[1] Having been authorized to proceed *in forma pauperis*, Plaintiff is entitled to rely on the U.S. Marshal's office for service. *See* Fed. R. Civ. P. 4(c)(3).

On December 4, 2012, summons were issued to "Paul Smith" and "Crystals at City Center." The Form USM -285 returns were filed on January 17, 2013, indicating that Plaintiff instructed the United States Marshal to serve the amended complaint "via attorney" at the law firm of Jackson Lewis ("Jackson Lewis"). (#9). Service of both the summons and amended complaint was made to an individual identified as Beatriz Perez, a receptionist at Jackson Lewis.

Shortly after the returns were filed, Defendant Paul Smith Las Vegas, Inc. ("Smith Las Vegas") moved to quash service and dismiss the amended complaint for insufficiency of process and insufficiency of service of process. Def.'s Mot. (#10). The motion is straightforward. Smith Las Vegas argues: (1) that the summons is defective because it does not identify and was not directed to Smith Las Vegas, and (2) Jackson Lewis is not authorized to accept service on behalf of Smith Las Vegas. In response, Plaintiff concedes that the summons and amended complaint were served to Jackson Lewis but insists the service was proper. In reply, Smith Las Vegas argues that Plaintiff did not oppose the motion and, therefore, it should be granted for non-opposition under Local Rule 7-2(b).

## DISCUSSION

Smith Las Vegas seeks to dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(4) for insufficiency of process because the summons contains a different caption than the amended complaint. It also seeks dismissal under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process because the amended complaint was not properly served. Motions authorized by Rules 12(b)(4) and 12(b)(5) permit a defendant to challenge departures from the proper procedure for service as well as the contents of a summons. The difference between Rule 12(b)(4) and 12(b)(5) is not always clear. Objections under Rule 12(b)(4) concern the form of process rather than the manner of its service. *See* 5B Wright & Miller, *Federal Practice and Procedure*, § 1353 (3d ed. ). A Rule 12(b)(4) motion challenges noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons. *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citations omitted). A Rule 12(b)(5) motion challenges the mode or method of service of the summons and complaint. *Id*.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. *Cranford v. United States*, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005) (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). Assuming insufficiency of process or insufficiency of service of process, the Court has discretion to dismiss an action or simply quash service. *See e.g.*, *SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976 ) ("the choice between dismissal and quashing service of process is in the district court's discretion.").

Here, Plaintiff does not contest any of the facts set forth in Smith Las Vegas' motion. Given the charge that courts broadly construe pleadings filed by pro se litigants and give such plaintiffs "the benefit of any doubt," *see e.g. Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (citation omitted), the Court declines to grant the motion for non-opposition as requested by Smith Las Vegas. Nevertheless, although pro se pleadings are broadly construed, even pro se litigants must comply with the Federal Rules of Civil Procedure. *E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds).

As previously noted, a motion under Rule 12(b)(4) challenges noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons. *Wasson*, 237 F.R.D. at 424. The amended complaint alleges Title VII race discrimination claims against "Paul Smith Las Vegas, Inc." In its screening order, the Court directed the Clerk to file the amended complaint and "issue Summons to Defendants and deliver the same to the U.S. Marshal for service." *See* Order (#6) at 4:27 - 5:1. Even though the

amended complaint lists the defendant as "Paul Smith Las Vegas, Inc," the caption of the Court's order (#6) identifies the defendant as "Paul Smith." Although not clear, it appears the summons was issued based on the caption in the Court's order. Consequently, the Court finds that any error in naming the proper defendant in the summons was inadvertent and not the fault of Plaintiff.[2] The Court will not penalize Plaintiff, in the form of dismissal, for the mistake.

The more pressing question is the sufficiency of service of process under Rule 12(b)(5). Smith Las Vegas is a corporate entity registered to business in the state of Nevada. Pursuant to Fed. R. Civ. P. 4(h)(1), a corporation may be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the manner prescribed by the state law in which the district court is located. Under Nevada law, if the suit is against an entity formed under Nevada law or registered to do business in the state, service may be accomplished by serving "the registered agent thereof or if the entity ... is (i) a corporation, to any officer thereof ...." NRCP 4(d)(1). Nevada law provides a separate means whereby service can be accomplished delivering a copy of the summons and complaint to the Nevada Secretary of State and providing the appropriate affidavit as set forth in NRCP 4(d)(1) if service cannot be effectuated on the registered agent or an officer of the corporate entity. Information concerning the registered agent of corporations doing business in Nevada is available on the Nevada Secretary of State's website.

There is no question that service of process directed toward Smith Las Vegas has been insufficient to this point. Nothing in the record supports the conclusion that the receptionist at Jackson Lewis is an officer, managing or general agent, or any other agent of Smith Las Vegas. There is no indication the receptionist is integrated at all with Smith Las Vegas and it would not be fair or reasonable to find service to her proper. *See e.g.*, *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688-89 (9th Cir. 1988). Consequently, the Court finds that Plaintiff has not met her burden to demonstrate service was proper.

---

[2] The Court further notes that, based on the USM returns, Plaintiff provided the USM-285 forms approximately two-weeks after the Court entered its screening order. It is the Court's view that the error in identifying the proper defendant in the USM-285 was, in all likelihood, based on the prior clerical error.

1    Even so, the Court will exercise its discretion to quash service under Rule 12(b)(5) rather
2    than dismiss the case. *Issaquah School District No. 411*, 470 F.3d at 1293 (citation omitted).
3    Plaintiff will be given the opportunity to cure the error in service and to rectify the failure to
4    properly name Smith Las Vegas in the summons. Further review shows that the same service
5    defect affects the method of service as to Defendant Crystals at City Center. Thus, Court will *sua*
6    *sponte* quash service as to Defendant Crystals at City Center under Rule 12(b)(5). *Grundy v.*
7    *Skolnick*, 2011 WL 1299614 (D. Nev.) (dismissing claims *sua sponte* under Rule 12(b)(5) for
8    failure to serve).
9    Having determined to quash service, the next question is whether to extend the time to
10   accomplish service under Rule 4(m), which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

14   Fed. R. Civ. P. 4(m). Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v.*
15   *Williams*, 473 F.3d 1038, 1041(9th Cir. 2003). The 120-day time period for service contained in Rule
16   4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v.*
17   *United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district
18   court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant
19   an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324
20   F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the
21   rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's
22   failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the
23   consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ.
24   P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with
25   diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.
26   In light of the foregoing standards, the Court finds that an extension of time to effectuate service
27   is appropriate. Plaintiff shall have until **July 22, 2013** to effectuate service in this matter. Plaintiff is
28   further advised that failure to provide correct information to the United States Marshal so that service

can be properly effectuated may result in a recommendation that this case be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Paul Smith Las Vegas' Motion to Quash (#10) is **granted in part and denied in part**. Service of the summons and complaint on Defendant Smith Las Vegas and Crystals at City Center is **quashed** pursuant to Rule 12(b)(5).

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#11) is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (#17) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall reissue Summons to Defendant Paul Smith Las Vegas, Inc. and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with a new Form USM-285 for each named defendant that includes accurate information as to where to effectuate service of the Summons and Amended Complaint on each defendant. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to this order, service must be accomplished by **July 22, 2013**.

DATED this 23rd day of April, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**