1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DEBRA JENE PATEL-JULSON,                    )
                                            )
              Plaintiff,                    )        Case No.  2:12-cv-01023-APG-CWH
                                            )
vs.                                         )        **ORDER**
                                            )
PAUL SMITH LAS VEGAS, INC., *et al.*,       )
                                            )
              Defendants.                   )
                                            )

        This matter is before the Court on Defendant Paul Smith Las Vegas, Inc.'s Second Motion to Quash and to Dismiss for Insufficient Process and Insufficient Service of Process (#23), filed July 2, 2013.  The motion is unopposed.  On April 23, 2013, the Court issued an order quashing Plaintiff's attempted service.  (#18).  The order included general instructions regarding how to effectuate service. The motion currently before the Court requests, for the second time, that the Court quash service and dismiss the case for insufficiency of service of process.

        It is axiomatic that "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").  Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity.  *Cranford v. United States*, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005) (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).  Assuming insufficiency of process or insufficiency of service of process, the Court has discretion to dismiss an action or simply quash service.

1    *See e.g.*, *SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) citing *Stevens v.*

2    *Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976 ) ("the choice between dismissal and

3    quashing service of process is in the district court's discretion.").

4         Plaintiff has not filed an opposition to the motion.  Pursuant to Local Rule 7-2(d), "[t]he failure

5    of an opposing party to file points and authorities in response to any motion shall constitute a consent to

6    the granting of the motion."  Though pro se pleadings are broadly construed, even pro se litigants must

7    comply with the Federal Rules of Civil Procedure*.  E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

8    1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary

9    civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r*

10   *of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules

11   of the court in which litigation proceeds).  Based on the failure to file an opposition, the motion will be

12   granted and the attempted service quashed pursuant to Rule 12(b)(5).  *Issaquah School District No. 411*,

13   470 F.3d at 1293 (citation omitted).

14        The undersigned declines to recommend dismissal at this time but will, as part of this order,

15   require the Plaintiff to show cause why a recommendation for dismissal should not issue.  The Court

16   previously granted an extension for time to effectuate service under Rule 4(m).  Given the failure to file

17   an opposition and apparent failure to properly effectuate service despite express instruction, the Court is

18   not inclined to grant an additional extension.  Courts have broad discretion to extend time for service

19   under Rule 4(m).  *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003).  Based on the record currently

20   before it, the Court cannot find that Plaintiff has exercised due diligence in her service attempts.

21   Accordingly,

22        **IT IS HEREBY ORDERED** that  Defendant Paul Smith Las Vegas, Inc.'s Second Motion to

23   Quash and to Dismiss for Insufficient Process and Insufficient Service of Process (#23) is **granted in**

24   **part**.

25        **IT IS FURTHER ORDERED** that Plaintiff Debra Jene Patel-Julson is ordered to **personally**

26   **appear on Friday, August 16, 2013 at 10:30 AM** before the undersigned Magistrate Judge and **Show**

27   **Cause** why a recommendation should not be entered dismissing her complaint with prejudice for her

28   failure to effectuate timely service.

1    **IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this order to Plaintiff

2   at her last known address listed on the docket via certified mail.

3    DATED: July 29, 2013.

4

5    _____

6   **C.W. Hoffman, Jr.**
    **United States Magistrate Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28