1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DEBRA JENE PATEL-JULSON,      )
                           )
            Plaintiff,      )     Case No.  2:12-cv-01023-APG-CWH
                           )
vs.                         )     **ORDER**
                           )
PAUL SMITH LAS VEGAS, INC., *et al*., )
                           )
           Defendants.    )
_____)

       This matter is before the Court on Plaintiff's Motion for First Set of Discovery Requests (#57), filed January 17, 2014; Plaintiff's Joint Interim Status Report (#58), filed January 17, 2014; Defendant's Motion to Strike (#59), filed January 17, 2014; Plaintiff's Motion for Production (#61), filed January 21, 2014; and Plaintiff's Motion to Not Strike (#62), filed January 21, 2014.

       Based on the filings before the Court, Plaintiff is attempting to propound discovery or attempting to compel responses to already propounded discovery.  Either way, Plaintiff's filings are deficient.  To the extent Plaintiff is simply attempting to propound discovery, she has previously been informed that discovery-related documents are not to be filed absent a court order.  *See* Order (#51); Local Rule 26-8. Plaintiff's motion (#57) is a copy of what appear to be Rule 33 and Rule 34 discovery requests. Continued failure to abide by Local Rule 26-8 and this Court's orders will result in sanctions pursuant to, *inter alia*, Local Rule IA 4-1 or Fed. R. Civ. P. 16(f).  Plaintiff's motion (#57) will be **denied**.

       Plaintiff's Joint Interim Status Report (#58) is duplicative of the joint status report previously filed.  (#56).  As such, it will be **stricken**.

       In light of the denial of Plaintiff's motion (#57) and striking of Plaintiff's joint status report(#56), Defendant's motion to strike (#59) is moot and will be denied accordingly.

1       Plaintiff appears to argue in her motion for production (#61) that she is seeking to obtain

2   responses to already propounded discovery.  If so, she has failed to comply with the meet and confer

3   requirements of Fed. R. Civ. P. 37 and the personal consultation requirements of LR 26-7.  A party

4   seeking to compel responses to discovery requests "must include a certification that the movant has in

5   good faith conferred or attempted to confer with the person or party failing to make disclosure or

6   discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  Additionally, LR 26-

7   7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is

8   attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have

9   been unable to resolve the matter without Court action."

10      Both the meet and confer requirement of Rule 37 and the personal consultation requirement of

11  LR 26-7(b) serve important purposes.  Compliance is required "to lessen the burden on the court and

12  reduce the unnecessary expenditure of resources by litigants, through the promotion of informal,

13  extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.

14  Nev. 1993).  The consultation obligation "promote[s] a frank exchange between counsel to resolve

15  issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is

16  sought." *Id*.  In order to serve its purpose, parties must "treat the informal negotiation process as a

17  substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*.  To do

18  so,

19      [t]he parties must present to each other the merits of their respective positions
        with the same candor, specificity, and support during the informal negotiations
20      as during the briefing of discovery motions.  Only after the cards have been laid
        on the table, and a party has meaningfully assessed the relative strengths and
21      weaknesses of its position in light of all available information, can there be a
        "sincere effort" to resolve the matter.

22
23  *Id*.  The moving party must move beyond cursory statements and "must adequately set forth in the

24  motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and

25  sincerity of the good faith conferment between the parties." *Id*. at 171.  A good faith attempt requires

26  more than the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve

27  the discovery dispute through non judicial means." *Id*.  Doing so accomplishes the underlying policy of

28  Rule 37(a)(1) and LR 26-7(b).

2

**IT IS HEREBY ORDERED** that Plaintiff's Motion for First Set of Discovery Requests (#57) is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court **strike** Plaintiff's Joint Interim Status Report (#58).

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (#59) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Production (#61) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Not Strike (#62) is **denied as moot**.

DATED: January 22, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**