1  Deverie J. Christensen, Bar # 6596
   christensend@jacksonlewis.com
2  Lisa A. McClane, Bar # 10139
   lisa.mcclane@jacksonlewis.com
3  **JACKSON LEWIS P.C.**
4  3800 Howard Hughes Parkway, Suite 600
   Las Vegas, Nevada 89169
5  Tel:  (702) 921-2460
   Fax: (702) 921-2461
6
7  *Attorneys for Defendant*
   *Paul Smith Las Vegas Inc.*
8
9              **UNITED STATES DISTRICT COURT**
10                    **DISTRICT OF NEVADA**

11  DEBRA JENE PATEL-JULSON,
                                             Case No. 2:12-cv-01023-APG-CWH
12            Plaintiff,

13       v.

14  PAUL SMITH LAS VEGAS INC.,               **STIPULATED PROTECTIVE ORDER**
                                             **GOVERNING CONFIDENTIAL**
15  CRYSTAL at CITY CENTER,                  **INFORMATION**

16            Defendants.

17       Pursuant  to  Federal  Rule  of  Civil  Procedure  26(c),  Plaintiff  Debra  Patel-Julson

18  ("Plaintiff")  and  Defendant  Paul  Smith  Las  Vegas  Inc.,  ("Defendant"),  (collectively,  the

19  "Parties"), hereby submit this proposed Stipulated Protective Order for the purpose of ensuring

20  that confidential information exchanged during discovery or potentially submitted to the Court by

21  the Parties is not disclosed to or used for any purpose outside of the above captioned lawsuit.

22  Accordingly, the Parties hereby stipulate, subject to approval and entry by the Court, to the

23  following:

24
25  **I.    Definitions and Terms**
26
27       1.    "Confidential  Information"  means  any  document,  information,  or  material

28  involving  or  containing  trade  secrets,  confidential  business  or  financial  information,  or  any

portion of a third party's personnel file, which the producing party or protected person reasonably believes not to be in the public domain and reasonably believes contains a proprietary or confidential information, or information to which an individual or company has an established and legitimate right to privacy or confidentiality. The information generally includes, but is not limited to, information concerning Ms. Patel's health (information otherwise protected pursuant to HIPAA), along with her personal contact information (phone numbers (cell and home and all others) and addresses)  personal identifying information (e.g., SSN, DOB) and any other information reasonably believed by the designating party as worthy of protection as privileged. It may also include, as needed, similar information of third-parties.

2.      Confidential Information. In providing or revealing discovery materials, any party may designate as "CONFIDENTIAL" the whole or any part of discovery material which constitutes proprietary or personal data, personal information, personal identifying information, financial information, contracts and/or similar sensitive business or personal information or data which the designating party in good faith believes in fact is confidential or that unprotected disclosure might result in personal, character or economic injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. A party may also designate as "CONFIDENTIAL" compilations of publicly available discovery materials, which would not be known publicly in a compiled form.

3.      "Disclosed" is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

4.      "Discovery Material(s)" means any Confidential Information presented in documents, answers to interrogatories, responses to requests for admission, deposition testimony,

deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

5. Use of Confidential Information in Depositions. Any party shall have the right to use Confidential Information during depositions. However, to the extent a third party deponent is present, that third party deponent shall be required to execute a copy of the form Attachment A. At any deposition session, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or whenever counsel for a party deems that the answer to the question may result in the disclosure of Confidential Information, or whenever counsel for a party deems that the answer to any question has resulted in the disclosure of Confidential Information, the deposition (or portions thereof) may be designated by the affected party as containing Confidential Information subject to the provisions of this Order. When such designation has been made, the testimony or the transcript of such testimony shall be disclosed only to those parties described in Section 5 and to the testifying third party deponent, and the information contained therein shall be used only as specified in this Stipulation and Order. Moreover, all originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" within thirty (30) days of receiving the transcript. Designations may be made by letter to counsel of record or on the record during the deposition. Portions of deposition transcripts so designated shall be treated as Confidential Information by the parties as set forth herein. During the thirty (30) day period, the entire transcript shall be treated as confidential. If no confidential designations are made within the thirty (30) day period, the entire transcript shall be considered non-confidential.

6.      Disclosure of Confidential Information.      Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

(a)      Retained counsel and in-house counsel for a party (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

(b)      A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(c)      Outside experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(d)      Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

(e)      This Court and its staff and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with this lawsuit;

(f)      Court reporter(s) and videographer(s) employed in this action; and

(g)      Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

Any person to whom Confidential Information, is disclosed pursuant to subparts (a), (b), (c), (d), (e) or (f) of paragraph 5 shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of

such sanctions as the Court deems proper.  Any person to whom Confidential Information is disclosed pursuant to subpart (c) of paragraph 5 shall also be required to execute a copy of the form Attachment A.

7.    "Document" is defined as the term is used in Federal Rule of Civil Procedure 34.

8.    "Under seal" is defined as sealing confidential documents consistent with the procedure laid out by LR 10-5(b) of the Local Rules for the District of Nevada.  In the event that the Clark County District Court Clerk's office publishes a new procedure for the filing of documents under seal, the Parties may follow said published procedure.

**II.    Types of Materials that May be Designated as Confidential**

Any Discovery Material or other documents, information, or materials may be designated by a producing party as Confidential under this Order.  The assertion of this designation of "Confidential" shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order.  Except with the prior written consent of the producing party or by court order or as otherwise compelled by force of law, no Discovery Materials or other documents, information, or materials stamped "Confidential" may be disclosed to any person except as permitted in Section IV below.

**III.    Designation of Discovery Materials as Confidential**

A producing party may designate as confidential Discovery Materials containing Confidential Information by stamping or otherwise marking the designated material as "Confidential," and producing it and listing it on the log in the form attached as Exhibit A.  Each Party shall maintain a log for the documents they have produced that have been designated "Confidential," and produce an updated log, containing all designations, when producing documents or information that are designated "Confidential."  The fact that a document is

1   stamped "Confidential" by one party shall not be construed as an admission by any other party

2   that such document is confidential, nor shall it limit or preclude the right of any party to object to

3   the "Confidential" designation and to file any appropriate motion(s) to determine the propriety of

4   such designation.  If the producing party inadvertently fails to stamp or otherwise appropriately

5   designate or list certain documents, material, or information as "Confidential" upon their

6   production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed

7   a waiver of a subsequent claim of protected treatment under this Order.

8

9        Given that discovery has already ended in this matter, the parties shall have up to and

10  including March 31, 2014 to produce copies of documents that have been designated as

11  "Confidential" along with a completed form Exhibit A.  Any disclosed documents that are not

12  appropriately stamped "Confidential" and are not specifically listed on Exhibit A, may be filed in

13  the normal course, subject to the United States District Court's rules regarding redaction of

14  personal identifying information.

15

16  **IV.    Permissible Use of "Confidential" Information, Documents, or Materials**

17       Notwithstanding section II, documents stamped "Confidential" may only be disclosed to:

18  (i) the Parties; (ii) all attorneys representing the Parties in this matter; (iii) para-professionals,

19  secretaries, and other non-attorney personnel that are employed by firms or by individual

20  attorneys representing the Parties in this matter but only to the extent that disclosure to such

21  person(s) is necessary in order for them to assist attorneys in connection with this matter; and (iv)

22  the court and all court personnel, including stenographers employed to record and transcribe

23  testimony given upon sworn statement, deposition, and/or trial.  To the extent such Confidential

24  information may be disclosed to court personnel or filed with the court it may, upon a showing

25  sufficient to satisfy the requirements of the Court concerning Sealed documents, be done Under

26  Seal.

27

28

Persons obtaining access to Discovery Materials or other documents, information, or materials stamped "Confidential" pursuant to this Order shall use the information only for the purpose of this matter, through and including appeal(s) and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, unless required by court order or being compelled by force of law.  If any person receiving information covered by this Agreement is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action, seeking information designated as "Confidential" pursuant to this Order, the subpoenaed party shall: (i) promptly give written notice, by hand or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "Confidential" (ii) decline to produce such material unless otherwise ordered by a court or other tribunal or body with lawful authority to compel disclosure; and (iii) respond to any effort to enforce such subpoena, request, demand, or other legal process by setting forth the existence of this Agreement.  The subpoenaed party or anyone else subject to this Order shall be under no obligation to take any other action or measures to preserve the confidentiality of any such information in connection with such subpoena, request, demand, or legal process. Nothing herein shall be construed as requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the court.

## V.   **Miscellaneous**

1.   The provisions of this Agreement shall not terminate at the resolution of this matter.

2.      Within one hundred and twenty (120) days after the final conclusion of this matter documents stamped "Confidential" and all copies of such documents, other than exhibits of record, shall be destroyed or returned to the party who produced the documents and designated them as "Confidential."

3.      Nothing in this Agreement shall prevent any party or other person from seeking modification of this Agreement or from objecting to discovery that it believes to be otherwise improper. This Agreement, however, shall not be modified absent an order of the court or the written agreement of all the Parties hereto.

DATED this 28th day of March, 2014.

JACKSON LEWIS P.C.

_____
Debra Jene Patel-Julson
  Plaintiff, Pro Se

_____
Deverie J. Christensen, Bar No. 6596
Lisa A. McClane, Bar No. 10139
3800 Howard Hughes Parkway, Ste. 600
Las Vegas, Nevada 89169
*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED _____March 31_____, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

4816-0806-3769, v.  1

**Exhibit A**

Debra Jene-Patel-Julson v. Paul Smith Las Vegas Inc.
U.S. District Court Case No.:  2:12-cv-01023-APG-CWH

## CONFIDENTIALITY LOG OF:

| Date of Production/ Disclosure | Bates-Stamp Numbers/Source | Description of Documents or Information | Compelling Reason/Authority for Confidentiality Designation |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |