1
2
3
4
5
6              **UNITED STATES DISTRICT COURT**
7                   **DISTRICT OF NEVADA**
8
9    DEBRA JENE PATEL-JULSON,              )
                                           )
10              Plaintiff,                 )     Case No.  2:12-cv-01023-APG-CWH
                                           )
11   vs.                                   )     **ORDER**
                                           )
12   PAUL SMITH LAS VEGAS, INC., *et al*., )
                                           )
13              Defendants.                )
     _____)
14
15          This matter is before the Court on Defendant's Emergency Motion to Extend (#85), filed April 3,
16   2014.  Citing what it terms a typographical error in the scheduling plan, Defendant requests that the
     dispositive motions deadline be extended from April 4, 2014 to April 9, 2014.
17
18          Defendant first requested this relief in the form of a stipulation (#77), which was denied without
19   prejudice for failure to comply with Local Rule 26-4.  *See* Order (#80).  Two days after the Court entered
20   its order on the stipulation, Plaintiff filed what is identified on the docket as a motion to extend time
21   regarding the scheduling order.  (#84).  The motion (#84) appears to have been incorrectly styled as a
22   stipulation, but subsequently restyled by the Clerk's office as a motion.  By way of her motion (#84),
23   Plaintiff appears to revoke her consent to extend the deadline and generally oppose an extension of the
     deadline in question because it would not benefit her to agree to the extension.
24
25          The undersigned has been patient with both parties as they have attempted to finalize discovery
26   in this matter.  The Court is mindful that Plaintiff is proceeding *pro se* and is sensitive to its obligation to
27   broadly construe filing by *pro se* litigants and give such plaintiffs "the benefit of any doubt."  *E.g. Bretz
     v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (citation omitted).  Nevertheless, even *pro se*
28   litigants must comply with the Federal Rules of Civil Procedure.  *E.g. King v. Atiyeh*, 814 F.2d 565, 567

(9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds). The Court appreciates that Plaintiff may not want an extension she does not view as beneficial, but the standard for the requested extension is whether Defendant has shown excusable neglect for seeking the extension at this late stage in the discovery period. Because Defendant's motion (#85) is untimely under both Fed. R. Civ. P. 6(b)(1)(B) and Local Rule 26-4, the Court considers it under the excusable neglect standard. In evaluating excusable neglect, the court considers: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 825 n. 4 (9th Cir.1996).

The delay in this matter was the result of a drafting error in the unilateral discovery plan and scheduling order drafted and submitted by Defendant. (#39). On October 23, 2013, after hearing, the proposed plan was approved without objection. The alleged error was not discovered until March 28, 2014 during the parties' meet and confer on other discovery matters. The error was brought to Plaintiff's attention, and she stipulated to extend the deadline. She has now recanted her agreement and asks that no extension be granted. It is clear that the dispositive motions deadline of April 4, 2014 set forth in the discovery plan was error. The proper deadline would have been 30 days after the close of discovery, or in this case April 9, 2014.

The Court further finds that Defendant has acted in good faith. Immediately upon discovery of the error, counsel brought it to Plaintiff's attention and secured a stipulated extension. It makes little difference that the stipulation was ultimately denied as counsel acted in good faith upon discovery of the error. The Court further finds that the length of delay and potential impact on the proceedings in permitting a five-day extension of the dispositive motions deadline will be minimal. The extension will not prejudice Plaintiff. She will have every opportunity to respond to any dispositive motion.

Based on the foregoing and good cause appearing, the Court finds that the failure to move for an

extension in a timely manner was the result of excusable neglect and the limited five-day extension of the dispositive motions deadline is justified.

IT IS HEREBY ORDERED that Defendant's Emergency Motion to Extend (#85) is **granted**.

IT IS FURTHER ORDERED that the Scheduling Order and Discovery Plan is modified to reflect that the Dispositive Motions Deadline is **April 9, 2014**.

IT IS FURTHER ORDERED that Plaintiff's Motion (#84) is **denied as moot**.

DATED: April 4, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3