# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA JENE PATEL-JULSON, | ) |
| Plaintiff, | ) Case No. 2:12-cv-01023-APG-CWH |
| vs. | ) **ORDER** |
| PAUL SMITH LAS VEGAS, INC., *et al.*, | ) |
| Defendants. | ) |

  This matter is before the Court on Defendant Paul Smith Las Vegas' Motion for Leave to File Under Seal (#95), filed April 14, 2014. By way of the motion, Defendant seeks to seal Exhibits 5, 6, 7, 10, and 11 to its motion for summary judgment (#89). Defendant's first attempt to seal the exhibits was denied for failure to comply Local Rule 10-5(b). *See* Order (#93).

  The Court has reviewed the motion and will grant the request to seal the referenced exhibits. The Court notes that Plaintiff did not file an opposition to the motion. Normally, the failure to file points and authorities in response to a motion is grounds for granting the motion. *See* Local Rule 7-2(d). In addition to non-opposition, the Court finds that Defendant has presented sufficiently compelling reasons in support of the request to seal. "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and [filings]." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation omitted). The right of public access, however, is not absolute. *Id*. For documents attached to dispositive motions, "[a] party seeking to seal [such documents] . . . bears the burden of overcoming [a strong presumption of public access] by . . . articulating compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79

(internal citations and quotations omitted).  The party seeking to preclude public access must show that sealing "serves a compelling interest," and a substantial probability exists that in the absence of sealing the compelling interest would be harmed.  *In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008).  The moving party must also show that no lesser alternative exists that would similarly protect the compelling interest.  *Id*.

The exhibits under review fall into two categories: (1) personnel records of non-party employees of Defendant with no interest in this litigation and (2) the employment agreement entered into with Plaintiff.  The non-parties have not chosen to have their personnel records placed in the public record and there is a strong interest in maintaining the privacy of the specific portions of the non-party personnel files attached.  *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, 2011 WL 5190264 (D. Ariz.).   Thus, there are compelling reasons to seal Exhibits 6, 7, 10, and 11.  Exhibit 5 is a copy of the employment agreement entered into between Plaintiff and Defendant.  Defendant has not provided an adequate basis to seal this exhibit.  It does not contain sensitive personnel information that would require sealing.  Moreover, there is no argument that it contains proprietary or sensitive information that, if not precluded from public access, would harm Defendant's competitive standing or other business interests.[1]  Thus, the request to seal exhibit 5 will be denied.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Paul Smith Las Vegas' Motion for Leave to File Under Seal (#95) is **granted in part and denied in part**.  Exhibits 6, 7, 10, and 11 shall remain under seal.  Exhibit 5 is unsealed.

DATED: May 2, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[1] The Court is mindful that an argument in support of this conclusion could be made, but it was not and the Court will not make it on Defendant's behalf.