1
2
3
4
5

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

6
7
8

9  DEBRA JENE PATEL-JULSON,                    )
                                               )
10             Plaintiff,                       )        Case No.  2:12-cv-01023-APG-CWH
                                               )
11  vs.                                         )        **ORDER**
                                               )
12  PAUL SMITH LAS VEGAS, INC,                  )
                                               )
13             Defendant.                       )
   ─────────────────────────────────────────── )

14
15          This matter is before the Court on Defendant Paul Smith Las Vegas' Motion to Strike (#108),

16  filed May 21, 2014.  It is also before the Court on Plaintiff's Emergency Motion to Compel (#107), filed

17  May 20, 2014.

18  **1.  Motion to Strike (#108)**

19          Defendant requests an order striking Plaintiff's reply filed in support of her motion to compel

20  (#76) claiming the reply is "untimely and blatantly improper."  Plaintiff is proceeding *in forma pauperis*

21  and is litigating the case *pro se*.  Courts are to broadly construe pleadings filed by *pro se* litigants and

22  give such plaintiffs "the benefit of any doubt." *See, e.g., Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th

23  Cir.1985). Nevertheless, even *pro se* litigants must comply with the Federal Rules of Civil Procedure.

24  *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987); *see also Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th

25  Cir.1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties

26  with attorneys of record"); *Carter v. Comm'r of Internal Revenue,* 784 F.2d 1006, 1008 (9th Cir.1986)

27  (pro se litigants expected to abide by the rules of the court in which litigation proceeds).  The reply

28  (#105) was filed approximately thirty (30) days after it was due.  It also appears to raise arguments not

specific to the motion to compel and does not add to the discussion regarding the motion to compel.

Consequently, the Court will strike it from the record.  *See Metzger v. Hussman*, 682 F.Supp. 1109 (D. Nev. 1988) (striking untimely motion brief filed that failed to demonstrate excusable neglect for the untimely filing).

**2.  Plaintiff's Emergency Motion to Compel (#107)**

This motion is duplicative of Plaintiff's pending motion to compel (#76) and, therefore, will be denied.  Whether responses to Plaintiff's discovery requests will be compelled will be addressed in the order on pending motion (#76).

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendant Paul Smith Las Vegas' Motion to Strike (#108) is **granted**.  The Clerk of Court is instructed to **strike** Plaintiff's Reply (#105).

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion to Compel (#107) is **denied**.

DATED: June 4, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**