**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| DEBRA JENE PATEL-JULSON,  )<br>            )<br>        Plaintiff,     )<br>            )<br>vs.         )<br>            )<br>PAUL SMITH LAS VEGAS, INC,   )<br>            )<br>        Defendant.    )<br>_____) | Case No. 2:12-cv-01023-CWH<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Reopen (#134), filed February 4, 2015.

As has been noted in several prior orders, the Court recognizes that Plaintiff proceeded in this matter *in forma pauperis* and litigated the case *pro se*. The Court has repeatedly acknowledged the need to broadly construe pleadings and other filings submitted by Plaintiff. Nevertheless, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987); *see also Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir.1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue,* 784 F.2d 1006, 1008 (9th Cir.1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds).

It appears that Plaintiff is asking the Court to reconsider its order granting summary judgment in favor of defendant. Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Pursuant to Fed. R. Civ. P. 60(b), a court may relieve a party from final judgment or order for

the following:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court, *see Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987), and, in order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." A motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

    A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

    In this instance, Plaintiff has not provided any basis that would support reconsideration of the

1  Court's order granting summary judgment.  Each of the arguments raised in the motion is addressed in
2  the order or was raised in the briefing.  Though Plaintiff's frustration is understandable, merely
3  disagreeing or being unhappy with the decision is not adequate grounds for reconsideration.
4  Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen (#134) is **denied**.

      DATED: February 5, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**