# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA JENE PATEL-JULSON, | ) |
| Plaintiff, | ) Case No. 2:12-cv-01023-CWH |
| vs. | ) **ORDER** |
| PAUL SMITH LAS VEGAS, INC, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Second Motion to Reopen (#141), filed February 23, 2015.

Plaintiff proceeded in this matter *in forma pauperis* and litigated the case *pro se*. The Court has repeatedly acknowledged the need to broadly construe pleadings and other filings submitted by Plaintiff. Nevertheless, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987); *see also Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir.1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue,* 784 F.2d 1006, 1008 (9th Cir.1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds).

This is Plaintiff's second motion to reopen the case and, like the first request, will be denied. Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Pursuant to Fed. R. Civ. P. 60(b), a court may relieve a party from final judgment or order for the following:

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court, *see Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987), and, in order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." A motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

      A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

      Here, Plaintiff continues to contend that the case should be reopened because the evidence submitted in support of Defendant's motion for summary judgment was fraudulent. However, there is

1 | nothing in the motion or record to support Plaintiff's contention and there is nothing submitted that
2 | would support reconsideration of the order on summary judgment or reopening the case. The arguments
3 | raised in this motion are simply restatements of arguments already considered, or statements of
4 | disagreement by Plaintiff with how the information and evidence was treated in the order on summary
5 | judgment. Again, merely disagreeing or being unhappy with the decision is not adequate grounds for
6 | reconsideration. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen (#141) is **denied**.

DATED: March 6, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**